ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATA BOB,

          Petitioner,

-against-

I.N.S.; ICE; DHS,

          Respondents.

19-CV-4637 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner Nata Bob brings this emergency motion, seeking a stay of his removal from the United States pending either (1) a decision by the Executive Office for Immigration Review on a joint motion to reopen his removal proceedings or (2) a decision by the Immigration & Customs Enforcement (ICE) to join such a motion. He also seeks action on a pending I-485 Application to Adjust Status to Lawful Permanent Residency (I-485). For the reasons set forth in this order, the Court transfers this action to the United States Court of Appeals for the Second Circuit..

## BACKGROUND

The following facts are taken from the complaint and publicly available government records: Petitioner, a Gambian national, entered the United States legally in 1993 on a visitor's visa. On an unspecified date, the Department of Homeland Security, Immigration & Customs Enforcement (ICE), assumed custody of Petitioner, after he overstayed his visa.

On June 26, 2002, in Hartford, Connecticut, after "[a]ll applications on his behalf were unsuccessful" (ECF No. 1 at 12), an immigration judge ordered Petitioner's removal. On November 6, 2002, the Board of Immigration Appeals (BIA) denied Petitioner's appeal. On May 20, 2004, Petitioner's motion to reopen was denied. In 2006, ICE released Petitioner from custody, and he remained on supervision until May 8, 2019, when ICE reassumed custody of him, after he reported to immigration authorities, pursuant to his order of supervision.

On August 17, 2016, on behalf of Petitioner and his U.S. citizen son, his then-lawyer filed an I-130 Petition for Alien Relative and his I-485 application. (*Id.*) On May 20, 2017, the United States Citizenship and Immigration Services (CIS) approved the I-130 application and held an interview on the I-485 application; because of the removal order, CIS "could not" approve the I-485 application. (*Id.*) On July 7, 2017, Petitioner's lawyer asked the Department of Homeland Security to jointly move to reopen Petitioner's removal proceedings, "in accordance with the guidelines established most recently in the Memorandum of John Morton, Director, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, dated June 17, 2011."[1] (*Id.* at 7-8.) His lawyer described Petitioner's case as "a near perfect case for exercise of Prosecutorial Discretion." (*Id.* at 11.)

On an unspecified dated, ICE directed Petitioner "to surrender [his] passport . . . [and] asked for proofs of I-130 approval, joint motion to reopen (pending) and I-485 pending approval." (*Id.* at 1.)

On May 21, 2019, this Court transferred to the Second Circuit an action filed by Petitioner's wife, seeking review of an October 30, 2018 BIA order denying her motion to reopen her removal proceedings. *See Bittaye v. U.S. Dep't of Justice*, No. 18-CV-10553 (LLS) (S.D.N.Y. May 21, 2019).

**DISCUSSION**

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act" or "Act") was enacted. Under the REAL ID Act, "a petition for review filed with an appropriate court of

---

[1] On June 17, 2011, ICE issued a memorandum explaining that prosecutorial discretion should include cases where ICE would "respond[ ] to or join[ ] in a motion to reopen removal proceedings and to consider joining in a motion to grant relief or a benefit." U.S. I.C.E., Policy No. 10075.1, Memorandum from Director John Morton, June 17, 2011, https://bit.ly/2iJRcQ2.

2

appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]." 8 U.S.C. § 1252(a)(5). This jurisdictional bar extends to matters that indirectly challenge a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) ("We conclude that Delgado is indirectly challenging her reinstated order of removal, and accordingly, we hold that section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge."); *see, e.g., Ferdous v. Johnson*, No. 15-CV-0122 (MKB), 2015 WL 9581815, at *3 (E.D.N.Y. Dec. 30, 2015) (noting that "[f]ollowing *Delgado*, a number of courts in this Circuit have declined to exercise jurisdiction over other indirect challenges to removal orders) (collecting cases).

District courts do not have jurisdiction to review BIA decisions denying motions to reopen removal proceedings. *See, e.g., Sai Ping Chen v. Mukasey*, 257 F. App'x 437, 438 (2d Cir. 2007) (holding that "the district court properly concluded that it had no jurisdiction to review [the] habeas petition requesting that the court vacate and reverse the BIA's . . . 2003 decision denying her motion to reopen"). But courts of appeals do have jurisdiction to review such decisions. *Kucana v. Holder*, 558 U.S. 233, 252-53 (2010) (holding that "[a]ction on motions to reopen . . . remain subject to judicial review").

The REAL ID Act strips this Court of jurisdiction to consider any relief Petitioner may be seeking related to his pending motion to reopen. *See, e.g., Ferdous*, 2015 WL 9581815, at *4 (holding that district court did not have jurisdiction to consider plaintiff's challenge to the defendants' "decision not to join their motion to reopen . . . [which was] inextricably linked to [the plaintiff's] removal proceeding and constitute[d] an indirect challenge to [his] removal order"). But the Circuit may have jurisdiction to consider any decision by the BIA on Petitioner's motion to reopen, if one was rendered.

3

As for the I-485 application, Petitioner may be able to seek relief in the Second Circuit regarding his eligibility to adjust his status. *See Crocock v. Holder*, 670 F.3d 400, 402-03 (2d Cir. 2012) (noting that the Circuit "retain[s] jurisdiction to review constitutional claims or questions of law raised in a petition for review, including whether an alien is eligible for adjustment of status").

Petitioner proceeds without the benefit of a lawyer and has filed an emergency motion to stay his removal, seeking relief that this Court does not have jurisdiction to consider. But because the Second Circuit may have jurisdiction to consider some or all of Petitioner's claims, the Court transfers this action to the Circuit in the interest of justice.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. In the interest of justice, this action is transferred to the United States Court of Appeals for the Second Circuit. *See* 8 U.S.C. § 1252(b)(1), (2); 28 U.S.C. § 1631.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 24, 2019
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

4